UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY PATRICK JONES,

       Plaintiff,

v.

       Case Number 10-10054
       Honorable David M. Lawson

ANN D. PARKER, MICHAEL WARREN, Sixth Circuit Court Judge, JESSICA R. COOPER, Sixth Circuit Court Prosecutor, SNYDER, Oakland County Detective, JOHN DOE 1, 52-1 District Court Judge, and JOHN DOE 2, 52-1 District Court Prosecutor,

       Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PLAINTIFF'S COMPLAINT**

       The plaintiff, Corey Patrick Jones, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff's complaint stems from the defendants' involvement in prosecuting the plaintiff for third-degree criminal sexual conduct and the plaintiff's decision to plead guilty to the fourth-degree criminal sexual conduct in September 2008. The defendants are the plaintiff's court-appointed attorney Ann D. Parker, Oakland County Circuit Judge Michael Warren, Oakland County Prosecutor Jessica R. Cooper, "Oakland County Detective" Snyder, 52-1 District Court Judge designated as John Doe 1, and 52-1 District Court Prosecutor designated as John Doe 2. The plaintiff alleges that his defense counsel was ineffective during the course of his criminal case, particularly at the preliminary examination and during the pre-trial investigation. The plaintiff charges that the two prosecutors at the 52-1 District Court failed to conduct a thorough investigation of the inconsistencies in the witnesses' statements and the evidence to support the charge, and that Oakland County Prosecutor Jessica R. Cooper failed to investigate this case sufficiently before

allowing the charges to go forward. The plaintiff also claims that 52-1 District Court Judge John Doe 1 abused his discretion in conducting the preliminary examination; that Judge Michael Warren of the Oakland County Circuit Court allowed the plaintiff's constitutional rights to be violated; and that "Oakland County Detective" Snyder falsified the record and offered perjured testimony to obtain a conviction against the plaintiff. Along with monetary damages against the defendants, the plaintiff seeks to vacate his criminal conviction.

Federal district courts must "undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Courts may dismiss all or a portion of an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The plaintiff's complaint is subject to dismissal for several reasons. First, the essence of the plaintiff's complaint is an attack on the procedures that led to his conviction. Under *Preiser v. Rodriguez*, 411 U.S. 475, 484-93 (1973), the only vehicle for challenging the validity of a conviction is a petition for a writ of habeas corpus. This rule applies equally to requests for monetary relief,

*Heck v. Humphrey*, 512 U.S. 477 (1994), declaratory relief, *Edwards v. Balisok*, 520 U.S. 641 (1997), and injunctive relief, *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" as long as the underlying conviction remained intact. The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487. The Court expressly rejected the plaintiff's claim for damages for a prosecution that he claimed was unconstitutional. *Id.* at 490.

" 'These cases, taken together, indicate that a state prisoner's § 1983 action is barred. . . – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' " *Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir. 2007) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)). Because the plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted. This Court will not convert this civil rights case into a petition for a writ of habeas corpus *sua sponte*. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999).

Second, the plaintiff's suit against his court-appointed counsel must be dismissed because

-3-

it fails to state a claim upon which relief can be granted under Section 1983. Court-appointed attorneys or public defenders acting as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981).

Nor can the plaintiff maintain an action for damages against the two prosecutors and two judges involved in his criminal case. In *Barrett v. Harrington*, 130 F.3d 246, 264 (6th Cir.1997), the Court determined that judges, when performing judicial functions, are entitled to absolute immunity from suits for money damages. Judicial immunity is abrogated in only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of jurisdiction, which is not the case here. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

In the present case, Judge Doe's and Judge Warren's acts of presiding over the plaintiff's criminal case were a judicial function, for which they are entitled to judicial immunity. Likewise, the decisions by defendants Jessica Cooper and John Doe 2 to prosecute the plaintiff, their advocacy in court, their communication with witnesses, and their decisions regarding the disposition of the case are all part of their roles as advocates for which they are entitled to absolute prosecutorial immunity.

For these reasons, the Court will dismiss the plaintiff's complaint.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** without prejudice.

It is further **ORDERED** that any appeal of this order shall be considered frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: February 1, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2010.

s/Teresa Scott-Feijoo  
TERESA SCOTT-FEIJOO